# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT LAWRENCE LONG, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-737-D |
| | ) | |
| SCOTT CROW, | ) | |
| | ) | |
| *Respondent*. | ) | |

## ORDER

Petitioner Robert Lawrence Long, a state prisoner appearing *pro se*, brought this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 635(b)(1).

On September 19, 2019, the magistrate judge issued a Report and Recommendation wherein he recommended dismissal of the Petition, finding that under 28 U.S.C. § 2244(d)(1)(A) the action was untimely. *See* R&R, Doc. No. 9 at 5. Further, with statutory tolling, Petitioner's filing deadline was August 2, 2019, and Petitioner waited until August 12, 2019. *Id.* at 6. Petitioner was not entitled to equitable tolling. *Id.*

In his Objection filed on October 7, 2019 [Doc. No. 10], Plaintiff presents no persuasive argument or authority that would cause this Court to reject the magistrate judge's conclusions. Indeed, it is difficult to discern precisely which of the magistrate's conclusions Petitioner contends were mistaken.

Nevertheless, the Court has reviewed the entirety of the Report and Recommendation, as well as the case record, and fully concurs in the Report and Recommendation.

Therefore, the Court, having conducted a de novo review,[1] finds that Petitioner's Objection is overruled, and hererby ADOPTS the Report and Recommendation [Doc. No. 9] in its entirety.

**IT IS THEREFORE ORDERED** that the Petition is DISMISSED WITH PREJUDICE as untimely.[2] Judgment shall be entered accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253 (c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude

---

[1] Pursuant to Rule 72, where the district court refers dispositive matters to a magistrate judge for a report and recommendation, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

[2] Where a claim is time-barred, a dismissal without prejudice provides no relief to the claimant because an action dismissed as untimely cannot be refiled. Thus, even if dismissal based on the expiration of the limitations period is without prejudice, it has the practical effect of a dismissal with prejudice. *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.,* 552 F.3d 1233, 1236 (10th Cir.2009); *accord Satterfield v. Franklin*, No. CIV-08-733-D, 2009 WL 523181, at *1 (W.D. Okla. Mar. 2, 2009) (DeGiusti, J).

the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA will be denied. *See Fomby v. Jones*, No. CIV-11-1466-D, 2012 WL 1035880, at *2 (W.D. Okla. Mar. 28, 2012) (DeGiusti, J.). The denial shall be included in the judgment.

**IT IS SO ORDERED** this 18th day of October, 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge